IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VERNARD J. PEARSEY, | : | Civil No. 1:25-CV-02255 |
| Plaintiff, | : | |
| v. | : | |
| FCI-SCHUYLKILL, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Presently before the court is a complaint filed by Plaintiff Vernard J. Pearsey, a self-represented individual currently housed at a residential reentry facility, alleging a denial of medical care while he was housed at the Federal Correctional Institution Schuylkill ("FCI-Schuylkill"). (Doc. 1.) Plaintiff has applied to proceed *in forma pauperis*. (Doc. 2.) The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint.

### BACKGROUND

On November 24, 2025, the court received and docketed Plaintiff's complaint in the above-captioned action. (Doc. 1.) This complaint names the following six defendants: (1) FCI-Schuylkill; (2) Beth A. Rickard ("Rickard"), Warden; (3) R. Rishel ("Rishel"); (4) G. Baybel, M.D. ("Baybel"); (5) Mathew Fahringer ("Fahringer"); and (6) M. Batrol ("Batrol"), Physician's Assistant. (*Id.*) Specifically, Plaintiff alleges that while he was housed at FCI-Schuylkill his

1

requests for treatment of his lupus were ignored. (Doc. 1-3.) Plaintiff alleges that he submitted over ten sick call slips seeking treatment for a facial rash associated with his lupus. (*Id.*) Plaintiff alleges that in January of 2023 he submitted a sick call slip seeking a skin biopsy that was recommended by his previous medical provider. (*Id.*) He alleges he was told by non-party Mrs. Recla that FCI-Schuylkill did not have anyone capable of doing the biopsy and suggested he wait for the biopsy until he returned to the dermatologist. (*Id.*) He alleges that six months later, he was seen by non-party Physician's Assistant Andruzzi who stated he was certified to perform such a procedure and agreed to do the biopsy prior to Plaintiff going to the dermatologist. (*Id.*)

   As to the specific defendants named in the complaint, Plaintiff alleges that in July of 2025 at a follow-up for his blood work, Defendant Bartol stated that she did not understand how to treat lupus, instructed him to purchase topical hydrocortisone from the commissary to treat the facial rash, and told him to keep checking the call out as he had a dermatologist appointment scheduled. (*Id.*) He states that he asked Defendant Dr. Baybel if he had a dermatology appointment, and Defendant Dr. Baybel confirmed the dermatology appointment and recommended he see a rheumatologist again. (*Id.*) He alleges that the dermatologist stated he should have been treated much sooner and that he should request bandages from his provider. (*Id.*) Plaintiff allege that he asked Defendant

Bartol for these bandages and was told to get band aids at the next pill call. (*Id.*) The nurse at the next pill call then denied him bandages for lack of documentation. (*Id.*) Plaintiff alleges that he then requested Defendant Rishel transfer his care to a different physician's assistant. (*Id.*) Plaintiff does not allege whether or not this transfer in care occurred. Plaintiff alleges that it took Defendant Dr. Bartol twelve months to treat him. (*Id.*) He also alleges that this delay in care resulted in pain and suffering. (*Id.*)

Plaintiff further alleges that he sent an email to Defendant Fahringer, the Health Service Administrator, requesting medical assistance, and Defendant Fahringer responded with "[t]his is not the outlet for Administrative Remedy Process." (*Id.*)

Based on these alleged facts, Plaintiff brings claims of deliberate indifference under the Eighth Amendment, medical malpractice, and medical negligence. (*Id.*)

Plaintiff filed a motion to proceed *in forma pauperis* along with his complaint. (Doc. 2.) The court will grant Plaintiff's motion to proceed *in forma pauperis* and screen the complaint.

## JURISDICTION AND VENUE

The court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 action pursuant to 28 U.S.C. § 1331, which allows a district court to exercise subject matter

jurisdiction in civil cases arising under the Constitution, laws, or treaties of the United States. Venue is proper in this district because the alleged acts and omissions giving rise to the claims occurred in Schuylkill County, Pennsylvania, which is located in this district. *See* 28 U.S.C. § 118(b).

## STANDARD

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted[.]" The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915 is identical to the legal standard used when ruling on Fed. R. Civ. P. 12(b)(6) motions to dismiss. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002).

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).

Under Rule 12(b)(6), the court must accept all well pleaded allegations as true and construe all reasonable inferences in favor of the nonmoving party. *Doe v. Univ. of the Scis.*, 961 F.3d 203, 208 (3d Cir. 2020). The pleadings of self-represented plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d. Cir. 2011). Self-represented litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

## DISCUSSION

### A. Plaintiff's Medical Malpractice and Medical Negligence Claims Will Be Dismissed.

Plaintiff raises his claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). (Doc. 1.)

"*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian v. Levi*, 912 F.3d 79, 88 (3d Cir. 2018) (abrogated in part on other grounds by *Egbert v. Boule*, 596 U.S. 482 (2022), as recognized in *Fisher v. Hollingsworth*, 115 F.4th 197 (3d. Cir. 2024)). In the case giving the doctrine its name, the Supreme Court held there is a cause of action for damages when a federal agent, acting under color of his

5

authority, conducts an unreasonable search and seizure in violation of the Fourth Amendment. *Bivens*, 403 U.S. at 397. Specifically, the plaintiff in *Bivens* challenged an arrest and search conducted in his home. *Id*. The Supreme Court subsequently extended *Bivens* to allow claims under the Fifth Amendment's due process clause for gender discrimination in the employment context, *Davis v. Passman*, 442 U.S. 228, 248–49 (1979), and under the Eighth Amendment's prohibition of cruel and unusual punishment clause in the prison medical care context, *Carlson v. Green*, 446 U.S. 14, 23–25 (1980). The Supreme Court also established a standard to determine whether a *Bivens* cause of action should be further recognized in a new context. *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007).

While the Eighth Amendment deliberate indifference claim is arguably covered under *Bivens*[1], Plaintiff's claims of medical malpractice and medical negligence are not covered under *Bivens* as they are not constitutional challenges. Therefore, the claims must be dismissed without prejudice.[2]

---

[1] The court is making no determination regarding whether this prospective *Bivens* claim may proceed under *Ziglar v. Abbasi*, 582 U.S. 120, 139 (2017).

[2] Instead, the Federal Tort Claims Act ("FTCA") "provides a mechanism for bringing a state law tort action against the federal government in federal court.'" *See Lomando v. United States*, 667 F.3d 363, 372 (3d Cir. 2011) (quoting *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001)). However, the United States is the only proper defendant in an FTCA suit. *See, e.g., Brownback v. King*, 141 S.Ct. 740, 746 (2021) (explaining that, when Congress passed the FTCA, it waived the sovereign immunity of the United States, so that parties can sue the United States directly for harms caused by its employees); *CNA v. United States*, 535 F.3d 132, 138 n.2 (3d Cir. 2008), as amended (Sept. 29, 2008), (noting that "[t]he Government is the only proper defendant in a case brought under the FTCA"). Because Plaintiff has not named the

### B. Plaintiff's Claims Against Defendants FCI-Schuylkill and Rickard Will Be Dismissed.

Plaintiff names both the facility, FCI-Schuylkill, and the Warden of FCI-Schuylkill, Rickard, as defendants in the compliant. (Doc. 1.) However, in reviewing the alleged facts, Plaintiff did not allege any personal involvement on the part of these defendants. (Doc. 1-3.)

First, a facility cannot be a defendant in a *Bivens* action. "*Bivens* is the short-hand name given to causes of action against federal officials for alleged constitutional violations." *Bistrian*, 912 F.3d at 88. A facility is not a federal official. Therefore, any *Bivens* action against FCI-Schuylkill will be dismissed with prejudice.

Second, Plaintiff does not allege any personal involvement on the part of Defendant Rickard in the complaint. (Doc. 1-3.) As stated above, a Plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Here, there is nothing in the alleged facts that demonstrates liability on the part of Defendant Rickard.

Since Defendant Rickard is the Warden at FCI-Schuylkill, the complaint could be construed as raising liability under a theory of *respondeat superior*. It is

---

United States as a defendant, the court cannot construe the tort claims in the complaint as being raised under the FTCA.

well established that in *Bivens* actions (as in lawsuits pursuant to 42 U.S.C. § 1983), liability cannot be predicated solely on the operation of *respondeat superior*. *See Iqbal*, 556. U.S. at 676. Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id*. Without some allegation in the complaint that Defendant Rickard took or failed to take some action, all claims against Defendant Rickard must be dismissed without prejudice.

## Conclusion

For the above-stated reasons, the court will grant Plaintiff's motion to proceed *in forma pauperis* and file the complaint. The court will dismiss all state law tort claims raised in the complaint. It will also dismiss FCI-Schuylkill as a defendant with prejudice and dismiss Rickard as a defendant without prejudice. The Eighth Amendment claim brought under *Bivens* against Defendants Rishel, Baybel, Fahringer, and Bartol will survive screening.

However, the court will grant Plaintiff an opportunity to amend his complaint prior to serving the current complaint. Any amended complaint must be titled "Amended Complaint," be filed under the above captioned case number, and must raise all claims, including the claims that survived the above initial screening. Should Plaintiff not timely file an amended complaint, the court will proceed with the current complaint.

An appropriate order follows.

                                                      s/Jennifer P. Wilson
                                                      JENNIFER P. WILSON
                                                      United States District Judge
                                                      Middle District of Pennsylvania

Dated: December 29, 2025